UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22564-JLK

CECILIA VALDES FROMETA and
EDUARDO FROMETA, as
Husband and Wife,

    Plaintiffs,
v.

PETSMART LLC, A Foreign Limited
Liability Company formerly doing business
as PETSMART, INC., a Foreign Corporation,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") (DE 7), filed on August 11, 2021. The Court has also considered Plaintiff's Response (DE 8) and Defendant's Reply (DE 9).

**I.    BACKGROUND**

On July 19, 2021, Defendant Petsmart, LLC removed the above-styled action to this Court. On August 5, 2021, Plaintiffs filed an Amended Complaint. DE 6. The Amended Complaint alleges a single count of negligence against Defendant. Plaintiffs allege that on or about December 19, 2019, as Plaintiff Cecila Frometa was walking to exit the Defendant's store, she slipped and fell because of water on the floor. Am. Compl. ¶ 9. As a result, Plaintiff "sustained numerous severe permanent injuries." *Id.* ¶ 10. Plaintiffs state that it was raining on and in the vicinity of the subject property, and that upon information and belief, other individuals coming into the store were tracking water into the entrance area from the rain outside. *Id.* ¶¶ 8, 10. Plaintiffs allege that

Defendant knew or should have known of the dangerous condition because the water had been there for an unreasonable amount of time and that Defendant should have known the rain could lead to individuals tracking water into the entrance area. *Id.* ¶¶ 11–12. Further, Plaintiffs allege that Defendant knew or should have known of the water on the floor because an employee was present in the immediate area before Plaintiff fell. *Id.*

Within the single negligence count, the Amended Complaint brings up additional legal claims for relief. Plaintiffs state that "Defendant is liable for the actions/inactions of its employees/agents under the doctrine of respondeat superior." *Id.* ¶ 17. Additionally, Plaintiffs allege that Plaintiff Eduardo Frometa, as Plaintiff Cecilia Frometa's spouse, "suffered in the past and will continue to suffer in the future, the loss of Plaintiff Cecila Valdes Frometa's services, support, love, affection, consortium, and the care and comfort of her society." *Id.* ¶¶ 19–20.

Defendant now moves to dismiss the Amended Complaint in its entirety for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, require Plaintiffs to file a Second Amended Complaint. *See* Mot.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.  DISCUSSION

In its Motion to Dismiss, Defendant argues that Plaintiffs' Amended Complaint amounts to a "shotgun pleading" because it fails to separate the different causes of action into separate legal counts and because the Amended Complaint makes conclusory claims. Mot. at 5. Defendant also argues that Plaintiff has not alleged sufficient facts to support a premises liability claim. *Id.* at 6. Defendant specifically argues that the Amended Complaint fails to include any factual allegations that Defendants had notice or that there were dangerous conditions. *Id.* at 7. Additionally, Defendant argues that Plaintiff fails to allege facts sufficient to support a vicarious liability claim. *Id.* at 9–10.

In their Response, Plaintiffs argue that their Amended Complaint does not amount to a "shotgun pleading" because they have plausibly alleged a negligence claim. *See* Resp. Specifically pointing out that their Amended Complaint alleges: Defendant was the store owner, Ms. Frometa was a patron, she slipped and fell, where she fell, she did not notice the water on the floor until after she fell, and the water appeared to be tracked inside the store by individuals. *Id.* at 9 (citing Am. Compl. ¶¶ 5–10).

Also, Plaintiffs argue the Amended Complaint alleges enough facts to support a claim of vicarious liability. *Id.* at 11. Specifically, Plaintiffs argue that actual or constructive notice is sufficiently alleged because the Amended Complaint states that an employee was in the immediate area when Plaintiff fell and Defendant "knew or should have known that it was raining outside the store and that individuals coming into the store could track water to the entrance area." Am. Compl. ¶¶ 11–12.

A complaint that fails to "separate[] into a different count each cause of action or claim for relief" constitutes a shotgun pleading. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313,

3

1322–23, n.13 (11th Cir. 2015). In the Amended Complaint, Plaintiffs raise a single count for negligence. Yet, the Amended Complaint appears to allege additional, distinct legal claims, namely a vicarious liability claim and a consortium claim. *See* Am. Compl. ¶¶ 18, 20 ("Defendant Petsmart is liable for the actions/inactions of its employees/agents under the doctrine of respondeat superior" and "Plaintiff Eduardo Frometa has suffered in the past and will continue to suffer in the future, the loss of Plaintiff Cecilia Valdes Formeta's services . . . ."). And in their Response, Plaintiffs argue that the Amended Complaint alleges sufficient facts for the vicarious liability and consortium claims. *See* Resp. at 6–7, 11. Because there is only one count of negligence but different legal theories within the Amended Complaint, the Amended Complaint is a shotgun pleading. Combining multiple claims under one count makes it difficult for Defendant to answer and prepare for discovery. Moreover, there are few factual allegations that support these additional claims. Each legal theory is a separate cause of action and should be raised independently with sufficient factual allegations.

As for the negligence claim, Defendant argues Plaintiffs does not sufficiently allege facts to support their claim or properly allege that Defendant had notice. Specifically, that the "Amended Complaint fails to allege any facts as to when the condition came into existence or where it was located, or otherwise supporting how Defendant knew of its existence." Mot. at 9. Defendant's argument here is unpersuasive. The Amended Complaint alleges that "it had been raining on and in the vicinity of the subject property" and "[a]s Plaintiff Cecilia Frometa was walking towards the entrance area to exit the subject premises she slipped and fell as a result of water on the floor . . . that appeared to have been tracked into the store as evidenced by multiple shoe prints in the area." Am. Compl. ¶¶ 8–10. Further, Defendant "should have known of the dangerous condition of the water on the floor because there was an employee present in the immediate area," that "the

4

water on the floor had been there for an unreasonably long period of time such that Defendant. . . should have known about this unreasonably dangerous condition," that Defendant "should have known that it was raining outside and that individuals coming into the store could track water into the entrance area," and Defendant "fail[ed] to perform a reasonable inspection of the premises. . . ." Am. Compl. ¶¶ 10–15. These allegations are sufficient to plead constructive notice under Florida Law. *See Glasco v. Pembroke Lakes Mall, LLC*, 2019 WL 1112277 at *3 (S.D. Fla. Jan 15, 2019) (holding that the plaintiff sufficiently alleged negligence for a slip and fall and properly pled notice because the complaint alleged, *inter alia*, the following: the plaintiff's status, the date of the accident, the location on the premises, the cause of the fall, that the defendants allowed liquid to accumulate for an unreasonable amount of time, and the defendants failed to adequately inspect the premises).

Defendant also argues that the Amended Complaint improperly alleges Defendant owed Plaintiffs a heightened duty of care. Specifically, that Plaintiffs allege a duty "to warn of the dangerous condition they created or allowed to be created," and a duty "to provide a reasonably safe environment." Am. Comp ¶ 14. Defendant argues there is only a legal duty to "maintain the premises in a reasonably safe condition." Mot. at 6. The notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure does not require a plaintiff to allege the applicable standard of care. *See Smith v. Carnival Corp.*, 584 F. Supp. 2d 1343, 1352 (S.D. Fla. 2008). Therefore, Plaintiffs' Amended Complaint should not be dismissed solely for the standard of duty they allege.

Regardless, Plaintiffs' Amended Complaint is a shotgun pleading for the reasons stated above. It "fails to separate into a different count each cause of action." *Weiland*, 792 F.3d at 1321–23. Therefore, the Amended Complaint is dismissed, and Plaintiffs shall re-file a Second Amended Complaint in which they separate their different legal claims of relief in different counts. For each

separate count, Plaintiffs must plead facts—not legal conclusions—that allow Defendant to properly answer and prepare for discovery.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint **(DE 7)** be, and the same hereby is, **GRANTED**;

2. Defendant's original Motion to Dismiss Plaintiff's Complaint **(DE 5)** is hereby **DENIED AS MOOT**;

3. Plaintiff's Amended Complaint **(DE 6)** is hereby **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff shall file a Second Amended Complaint within **thirty (30) days** from the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 15th day of October, 2021.

> *[signature]*
> JAMES LAWRENCE KING
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF FLORIDA

**cc:** All counsel of record